## HENRY S. CROSSLAND ET AL. v. CHEROKEE COUNTY.

The 9th section of the act of 13th May, 1846, reads as follows: "The county treasurer shall receive and may retain in his hands such commission, not exceeding five *per centum*, upon the amount received and disbursed by him, as the county court in their discretion may allow." (Paschal's Dig., Art. 1103.) The maximum the treasurer can charge is five per cent., and the county court can curtail this amount.

The act organizing the county of Cherokee gave the county commissioners exclusive control of the funds received from the sale of lots.

ERROR from Cherokee.    The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

This was a suit by Cherokee county against Crossland, and his sureties, as treasurer of that county, alleging that Crossland, as treasurer, had received $835 16, money belonging to the county, of which amount he had failed to pay to the county, or any one authorized to receive it, the sum of $225; that he claimed and had retained ten per cent. on the amount of money received and paid out by him, when in fact he was legally entitled to only five per cent.

Crossland, in answer, alleged that while he was treasurer of Cherokee county, and acting as such, large sums of money belonging to the county, arising from the sale of lots in the town of Rusk, were, by the order of the county court of Cherokee county, paid over to divers persons, who are named; that the fees due on said moneys greatly exceeded the amount here claimed of him.

The attorneys were appointed auditors to state the account. It is shown that while Crossland was treasurer there was in the hands of the commissioners appointed to locate the town of Rusk money sufficient for his fees on the same, as county treasurer, to have amounted to the sum that was retained by him; that the money, in fact, never came into the hands of Crossland as treasurer, although he demanded it, but was paid out by the commissioners, by the order and under the direction of the

county court, for county purposes and public buildings, the court taking the direction and distribution of the same.

*Donley & Anderson,* for plaintiffs in error, cited Oldham & White's Digest, article 1806.

*Bonner & Bonner,* for defendants in error.

MORRILL, C. J.—The question for consideration is, whether the county treasurer of Cherokee county was entitled to receive a certain per cent. of the amount received by the commissioners appointed to locate the county seat of the county and sell the town lots, it being admitted that no part of the money or securities for which the lots were sold ever passed through his hands.

The act of 1846, page 65, section 7, provides that the commissioners may sell the lots to the highest bidder on such time as they may determine, the proceeds of which sale shall be applied to public buildings for the use of the county.

Paschal's Digest, article 1103, provides, that the county treasurer shall receive and may retain in his hands such commissions, not exceeding five per centum upon the amount received and disbursed by him, as the county court in their discretion may allow.

It is evident from this act that the maximum that can be allowed the treasurer is five per centum of the amount received and paid out, and that it is entirely discretionary with the county court whether the treasurer shall receive that amount. But in no event can the treasurer receive a larger sum.

It is further evident that if the treasurer did not receive and pay out he is not entitled to receive anything.

We further consider that the act creating the county contemplated that the commissioners should have the sole management of the fund received for the sale of the lots, and

appropriate the same for the erection of public buildings, as a preliminary step to the proper organization of the county. The judgment is

AFFIRMED.